IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**AARONEY REED,**
       **Petitioner,**

vs.                                                              **Case No. 3:09cv552/LC/MD**

**UNITED STATES DISTRICT COURT,**
       **Respondent.**
_____

# REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Petitioner initiated this action by filing a pleading entitled "Modification of Federal Sentence 28 U.S.C. § 2241."  The caption of the pleading contained petitioner's criminal case number, 3:08cr420/MCR.  A new civil case (this case) was opened, and the pleading was docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that petitioner has not demonstrated entitlement to proceed under § 2241, and that he must bring this suit as a challenge to his federal sentence under 28 U.S.C. § 2255.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate currently confined at the Escambia County Jail, is currently serving a sentence imposed by this Court in *United States of America v. Aaroney Okevious Reed,* Case Number 3:08cr20/MCR.  (Doc. 1, p. 1).  Taking judicial notice of its own records in 3:08cr20/MCR, the court finds that on December 17, 2008, petitioner pleaded guilty to two counts of Possession Of A Firearm By A

Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (*See* Case Number 3:08cr20/MCR, Docs. 27-29, 43). He was sentenced on April 9, 2009 to a total term of imprisonment of 144 months.[1] (*Id.*, Doc. 43). Petitioner's direct appeal was dismissed on September 9, 2009, pursuant to petitioner's voluntary dismissal. (*Id.*, Doc. 64). Petitioner has not challenged his convictions or sentences through collateral review under 28 U.S.C. § 2255.

In the instant § 2241 petition, petitioner challenges the validity of his sentence on the grounds that his criminal conduct was influenced by mental health issues which would be more appropriately addressed by a sentence of probation with mental health counseling, as opposed to a "long prison sentence." (Doc. 1, p. 2). As relief, petitioner seeks modification of his sentence to a term of probation. (*Id.*, pp. 1-3).

## DISCUSSION

A petition pursuant to 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted under § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981);[2] *see, e.g., United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990); *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111 (5th Cir. 1990).

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall

---

[1] Petitioner was sentenced to 120 months as to Count One; 24 months as to Count Two to run consecutively to Count One and 96 months as to Count Two to run concurrently with County One. This sentence was run concurrently "with any yet to be imposed State of Florida sentence in Escambia County, Florida DKT#2007-CF-5397 and DKT#2007-CF-5267." (Case No. 3:08cr20, Doc. 43).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

*Case No: 3:09cv552/LC/MD*

> not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). The italicized language is known as the "savings clause" and could allow habeas corpus review of a claim, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the prisoner. *Id.*; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

In the instant case, petitioner's claim is a § 2255 claim because he challenges the validity of his sentence as imposed, not how it is being executed. Petitioner has made no showing that his claim meets the three-prong test in *Wofford*. As petitioner has not demonstrated the inadequacy of the § 2255 remedy, he should not be permitted to bring his claim by § 2241.

With that said, the court will look beyond the statutory label of petitioner's pleading and treat the instant petition as a motion to vacate, set aside, or correct petitioner's federal sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."); *see also, e.g., McCarthy v. United States*, 320 F.3d 1230, 1231 n. 1 (11th Cir. 2003) (holding that because habeas petitioner was required to bring his suit as a challenge under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2254, district court

properly construed the § 2254 petition as a § 2255 motion); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (holding that prisoner must bring his suit under § 2255 rather than § 2254, and directing district court to construe § 2254 petition as a § 2255 motion).

The recharacterized § 2255 motion will be petitioner's first § 2255 motion. Therefore, in compliance with the mandates of *Castro v. United States*, 540 U.S. 375, 377, 124 S.Ct. 786, 789, 157 L.Ed.2d 778 (2003),[3] petitioner is hereby informed that if this Report and Recommendation is adopted, the court will be recharacterizing his § 2241 petition as a first § 2255 motion. Petitioner is warned that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions. *See* 28 U.S.C. § 2255(h). Upon the filing of the instant construed § 2255 motion in petitioner's federal criminal case, petitioner should be given the opportunity to withdraw the construed § 2255 motion or to amend it so that it contains all the § 2255 claims petitioner believes he has.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's § 2241 petition (doc. 1) be recharacterized as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.

2. That the Clerk's Office be directed to file, in petitioner's federal criminal case (Case Number 3:08cr20/MCR), a copy of the following: the construed § 2255

---

[3]In *Castro, supra*, the Supreme Court held that lower courts' recharacterization powers are limited in the following way:

> The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

*Castro,* 540 U.S. at 383, 124 S.Ct. at 792.

motion (petitioner's habeas petition) (doc. 1), this Report and Recommendation, and the Order adopting this Report and Recommendation.

3. That all further proceedings be filed and maintained in the criminal case file (Case Number 3:08cr20/MCR); however, all pleadings contain both the criminal and civil case numbers.

4. That if the § 2241 petition is not construed as a § 2255 motion, this case be DISMISSED and the clerk be directed to close the file.

At Pensacola, Florida this 18th day of December, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).